☑ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR - 2 2007

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHARLETTE EDWARDS,

    Plaintiff,

v.

LIONEL STARKES, JERRY HARPER, JERRY CADE, PALACIO HASANI and LAS VEGAS F.A.C.T,

    Defendants.

02:06-CV-00608-LRH-LRL

ORDER

    Presently before the court is Defendants Lionel Starkes and Las Vegas F.A.C.T.'s ("Defendants") Motion to Dismiss (# 7/8[1]). Plaintiff Charlette Edwards ("Edwards") has filed an opposition[2] (# 12), and Defendants replied (#13/14).

**I. Factual Background**

    This is an action seeking damages for sexual harassment and wrongful termination. It appears from the Complaint that, during the time relevant to this litigation, Edwards was employed by Las Vegas F.A.C.T. (Fighting Aids in our Community Today). On or about December 12, 2005,

---

[1] Refers to the court's docket number.

[2] The court notes that Edwards's opposition does not contain proof of service. Pro se litigants are bound by the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The court directs Edwards to Rule 5 of the Federal Rules of Civil Procedure.

1   Edwards's immediate supervisor, Lionel Starkes ("Starkes"), suggested that Edwards and himself
2   were attracted to each other. Edwards disagreed with the suggestion. Following this event,
3   Edwards alleges that she was subject to an unfair and hostile work environment. On March 7,
4   2006, Edwards was terminated from her employment.

## II. Legal Standard

Defendants have filed a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. However, the arguments made in that motion are more appropriately raised pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). Therefore, this court will interpret Defendants' motion as a motion to dismiss for failure to state a claim upon which relief can be granted.

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether [she] is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).

///

### III. Discussion

Defendants raise three distinct arguments. First, Defendants argue that the case must be dismissed because this court lacks diversity jurisdiction. Second, Defendants argue that Edwards's causes of action must be dismissed because Las Vegas F.A.C.T. does not employ fifteen or more employees. Finally, Defendants argue that Starkes must be dismissed because he is not an employer. The court will address each argument below.

#### A. Jurisdiction

Defendants argue that this court lacks jurisdiction because both Las Vegas F.A.C.T. and Edwards are citizens of Nevada. The court finds that it does have jurisdiction over this matter. In this action, Edwards is claiming a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* 28 U.S.C. § 1332 provides that this court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." With respect to Title VII, the Supreme Court has stated that the employee-numerosity requirement is not a jurisdictional requirement but rather an element of the statutory cause of action. *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006). Thus, this court has subject matter jurisdiction to decide this case.

#### B. Title VII

Title VII limits liability to employers with 15 or more employees. 42 U.S.C. § 2000e(b); *Anderson v. Pacific Maritime Ass'n*, 336 F.3d 924, 928-29 (9th Cir. 2003). Defendants argue that this case should be dismissed because Las Vegas F.A.C.T. did not employ more than fifteen employees during Edwards's employment. In support of this contention, Defendants have filed an affidavit indicating that "at no time during Ms. Edwards' employment with F.A.C.T., or at any time one year prior to her employment, were thee ever fifteen or more employees employed by the Defendant corporation."

The court finds that dismissal is inappropriate at this stage in the proceedings. When considering a motion to dismiss, the court does not consider matters presented outside of the

pleadings. *See* Fed. R. Civ. P. 12(b)(6); *Wyler Summit P'Ship*, 135 F.3d at 661. If matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(b). In this case, Edwards has requested that she be allowed to conduct discovery before this court rules on a motion for summary judgment. In light of this request, the court will not consider any matter presented outside of the pleadings. Looking at the allegations in Edwards's Complaint in the light most favorable to her, the court cannot say, at this time, that she could prove no set of facts that would entitle her to relief. The number of people employed by Las Vegas F.A.C.T. is a factual question more appropriately considered in a motion for summary judgment. However, if the evidence ultimately reveals that Las Vegas F.A.C.T. is not an employer for purposes of Title VII, the court will have no choice but to dismiss this action. The court will grant the parties sixty (60) days in which to conduct discovery limited to the issue of whether Las Vegas F.A.C.T. is an employer within the meaning of Title VII. Any disputes concerning such discovery will be referred to the magistrate judge.

### C. Supervisor Liability

Defendants argue that Starkes must be dismissed from this action because Title VII does not subject employees or supervisors to individual liability. Edwards, argues, citing *Ruffino v. Street Bank & Trust Co.*, 908 F.Supp. 1019, 1036 n.28 (D. Mass 1995), that Starkes can be held liable in his individual capacity. In *Miller v. Maxwell's Int'l Inc.*, the Ninth Circuit addressed the issue of whether an individual has personal liability under Title VII. 91 F.2d 583, 587 (9th Cir. 1993). After noting a disagreement among some courts, the Ninth Circuit stated that the statutory scheme of Title VII "indicates that Congress did not intend to impose individual liability on employees." *Id.* In making this determination, the Ninth Circuit stated, "[n]o employer will allow supervisory or other personnel to violate Title VII when the employer is liable for the Title VII violation. An employer that incurred civil damages because one of its employees believes he can violate Title VII with impunity will quickly correct that employee's erroneous belief." *Id.* at 588. This court is

4

bound by the *Miller* decision. Therefore, Edwards's causes of action against Starkes will be dismissed.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (# 7/8) is hereby GRANTED in part and DENIED in part as set forth in this order.

IT IS FURTHER ORDERED that the parties shall have sixty (60) days in which to conduct discovery related to the issue of whether Las Vegas F.A.C.T. is an employer within the meaning of Title VII.

IT IS SO ORDERED.

DATED this 28th day of February, 2007.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE