UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLETTE EDWARDS,

    Plaintiff,

v.

LIONEL STARKES, JERRY HARPER, JERRY CADE, PALACIO HASANI, and LAS VEGAS F.A.C.T.,

    Defendants.

02:06-CV-00608-LRH-LRL

ORDER

Presently before the court is Plaintiff Charlette Edwards's ("Plaintiff") motion for summary judgment (#19[1]). Defendants, Lionel Starkes and Las Vegas F.A.C.T. ("F.A.C.T.") (collectively, "Defendants"), filed an opposition (#21), to which Plaintiff replied (#22).

**I.    Factual Background**

This case arises out of a claim for sexual harassment and wrongful termination pursuant to Title VII of the Civil Rights Act of 1964. (Am. Compl. (#4).) On August 7, 2006, Defendants each filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief could be granted. (Def. F.A.C.T.'s Mot. to Dismiss (#7); Def. Starkes's Mot. to Dismiss (#8).) Rather than granting dismissal as to Plaintiff's Title VII claims, this court granted Plaintiff sixty

---

[1] Refers to the court's docket number.

days to conduct discovery on the issue of whether F.A.C.T. was an "employer" for Title VII purposes. (Mar. 2, 2007 Order (#15) at 3.) As a result of Plaintiff's discovery, Plaintiff filed a "discovery brief" on May 7, 2007. (Pl.'s Disc. Br. (#18).) On August 20, 2007, Defendants filed their motion for summary judgment. (Defs.' Mot. for Summ. J. (#19).)

## II.     Legal Standard

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therfrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

In order to successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff.  *See id.* at 252.

**III.    Discussion**

Defendants move for summary judgment arguing that F.A.C.T. is not an "employer" for purposes of Title VII of the Civil Rights Act of 1964.  (Mot. for Summ. J. (# 19) at 1.)  Specifically, Defendants argue F.A.C.T. does not employ fifteen or more employees, which exempts it from suit. *Id.*  Plaintiff's response maintains that even if F.A.C.T. did not have fifteen or more employees, the court should deny Defendants' motion because the standard for determining whether F.A.C.T. is an "employer" for Title VII purposes is whether "[F.A.C.T.] ha[s] secured and received federal funding with signed declarations that [it] will specifically adhere to Federal Civil Rights laws."  (Pl.'s Opp'n (# 21) at 6.)

Title VII limits liability to employers with fifteen or more employees.  42 U.S.C. § 2000e(b); *Anderson v. Pacific Maritime Ass'n*, 336 F.3d 924, 928-29 (9th Cir. 2003).  42 U.S.C. § 2000e(b) reads:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under section 501(c) of Title 26, except that during the first year after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers.

In support of Defendants' argument that F.A.C.T. is not an "employer" capable of being sued pursuant to Title VII, Defendants presented an affidavit of Defendant Starkes, Executive Director of F.A.C.T., stating that " at no time during Ms. Edward's employment with F.A.C.T., or at

3

any time one year prior to her employment, were there ever fifteen or more employees employed by the Defendant corporation." (Aff. of Starkes (# 19) at 5.) Plaintiff has failed to present any evidence indicating the contrary.

However, Plaintiff argues that Defendants are, nevertheless, liable and cites to 42 U.S.C. § 2000e(5)(f)(3). Plaintiff maintains that 42 U.S.C. § 2000e(5)(f)(3) enables F.A.C.T. to be sued for Title VII violations regardless of the number of employees because it is a non-profit organization. (Pl.'s Disc. Br. (# 18) at 2). Yet, 42 U.S.C. § 2000e(5)(f)(3) is not applicable in determining whether Plaintiff can present evidence establishing each element of her Title VII claim. Section 2000e(5)(f)(3) is a jurisdictional statute, which provides that each United States district court shall have jurisdiction of actions brought under Title VII.[2] The statute does not grant an exception to the minimum employee element of a Title VII claim, which is mandated under 42 U.S.C. § 2000e(b). 42 U.S.C. § 2000e(5)(f)(3).

In short, Plaintiff has failed to rebut Defendants' showing that F.A.C.T. is not an "employer" pursuant to Title VII of the Civil Rights Act of 1964. Hence, this court finds the undisputed evidence indicates F.A.C.T. did not employ at least fifteen employees during the period relevant to this case, and, accordingly, Defendants' motion for summary judgment is granted.

///

---

[2] 42 U.S.C. § 2000e(5)(f)(3) provides:
Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

1  IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (#19) is
2 hereby GRANTED.
3  The Clerk of the court is directed to enter judgment accordingly.
4  IT IS SO ORDERED.
5  DATED this 25th day of March, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE